# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DAVID A. JOHNSON, | Case No. 1:20-cv-338 |
| Plaintiff, | Barrett, J. |
| | Bowman, M.J. |
| v. | |
| INDIAN HILL EXEMPTED VILLAGE SCHOOL DIST. BOARD OF EDUCATION, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

This case represents one of at least three cases filed by Plaintiff in this Court.[1] On November 24, 2020, Plaintiff filed a motion seeking the appointment of counsel, citing among other reasons, a lack of "education and physical ability to adequately investigate crucial acts…, complex legal issues" and an alleged inability "to properly present his case" without counsel. (Doc. 15). In stark contrast to those representations, the motion was accompanied by a 17-page typed and well-organized legal memorandum replete with numerous citations to statutory and case authority, including to *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993), the Sixth Circuit case that explains that only "exceptional circumstances" justify the appointment of counsel for a civil litigant. Finding no such circumstances existed here, the undersigned denied Plaintiff's motion for counsel on January 21, 2021. (Doc. 18).

In its January 21, 2021 Order, the court pointed out that Plaintiff had filed a similar

---

[1] The records of this Court reflect additional cases filed by a "David A. Johnson," but the undersigned has not undertaken the research necessary to determine whether that individual is the same Plaintiff appearing in the more recent cases.

(though unrelated) employment action in this Court, *Johnson v. City of Cincinnati*, Case No. 1:18-cv-868-TSB-KLL. In that case, counsel was appointed for the limited purpose of representing Plaintiff during a court-facilitated settlement conference, and the case was dismissed pursuant to the resulting settlement on January 21, 2020. (Doc. 18). The Order also noted that Plaintiff filed a third pro se employment discrimination case, *Johnson v. Siemens Industry Inc.*, Case No. 1:20-cv-880-MRB-KLL, which case remains in its infancy.

Plaintiff has been unresponsive to repeated requests by Defendant for discovery. After the Court denied Plaintiff's motion for the appointment of counsel, the undersigned conducted two telephonic hearings on discovery issues on February 19, 2021 and again on April 6, 2021. At the April 6, 2021 hearing, Plaintiff stated his intention to voluntarily dismiss his case, citing his inability to obtain counsel to assist him. The Court directed Plaintiff to file an appropriate motion within two weeks, and warned Plaintiff that a failure to file his motion may result in a Report and Recommendation dismissing his case for failure to provide discovery.

Instead of a straightforward motion to voluntarily dismiss his case, Plaintiff filed a longer document that reiterates the allegations of his complaint and seeks a lengthy continuance for Plaintiff to continue his attempts to secure counsel to prosecute this case. At the end of his motion, however, Plaintiff seeks in the alternative a dismissal "without prejudice" so that he can preserve his right to re-file the same case at a later date. Defendant strongly opposes Plaintiff's motion to the extent that he seeks a continuance, and sets forth a strong argument for dismissal with prejudice based upon Plaintiff's clear

failure to provide discovery despite numerous requests and two court conferences. (Doc. 24). Defense counsel also has filed an affidavit detailing Plaintiff's failure to respond to its discovery requests since September 2020. (Doc. 23). Despite detailing grounds for dismissal of this case *with prejudice*, Defendant alternatively states that "to speed the dismissal of this action, Defendant does not object to the less drastic sanction of dismissal without prejudice." (Doc. 24 at 2).

In the interests of expediency and barring any objection from Defendant, **IT IS RECOMMENDED THAT** Plaintiff's motion to dismiss this case without prejudice (Doc. 22) be **GRANTED**, and that this case be **DISMISSED**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DAVID A. JOHNSON, | Case No. 1:20-cv-338 |
| Plaintiff, | Barrett, J. |
| | Bowman, M.J. |
| v. | |
| INDIAN HILL EXEMPTED VILLAGE SCHOOL DIST. BOARD OF EDUCATION, | |
| Defendant. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).